UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV61-EHJ

MONA G. KIRK                                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                            DEFENDANT

## MEMORANDUM OPINION

This case is before the Court upon plaintiff Mona Kirk's objections to the proposed findings and recommendations of the United States Magistrate Judge. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the decision of the Commissioner should be reversed, and the matter remanded for further evaluation of the claimant's mental impairments and their affect upon the jobs available to the claimant.

Ms. Kirk filed an application for disability insurance benefits on June 20, 2003, alleging that she became disabled on June 15, 1999 as a result of scoliosis, spina bifida occult, and sway back (Tr. 47). After a hearing on July 22, 2004, Administrative Law Judge James Craig ("ALJ") found that Ms. Kirk has severe impairments of a spine disorder and an affective disorder. The ALJ found these conditions to be severe impairments, but they were not deemed to meet or medically equal listed impairments. Though she may not return to her previous relevant work, the ALJ found that Ms. Kirk retains the residual functional capacity to perform a range of light work.

The plaintiff has filed objections to the magistrate's report, arguing that the ALJ failed to make any specific finding with respect to the frequency that Ms. Kirk's emotionally based symptoms would prevent her from functioning in normal, competitive employment. She urges that under 42 U.S.C. §405(b)(1) the ALJ was required to discuss the evidence and explain why he felt she was not

disabled, noting that 1) the non-exertional mental impairment would, according to the vocational expert, preclude all work; 2) the existence of the impairment is supported by her own testimony; 3) the impairment's existence is also supported by the findings of Dr. Amble, who both examined and tested Ms. Kirk; and 4) the impairment is supported by the findings of the non-examining state agency psychologists. The Court has thoroughly reviewed the evidence of record, and duly notes her criticisms of the ALJ's handling of the mental component of her claim.

This was a step-five denial, wherein the burden of going forward with evidence on the issue of disability/nondisability shifts to the Commissioner, Foster v. Commissioner, 279 F.3d 348 (6th Cir. 2001). Generally, the Commissioner may satisfy her step five burden through the presentation of a hypothetical question to the vocational expert which summarizes the claimant's vocationally significant or severe physical and mental limitations. In the present case, the ALJ utilized vocational expert Howell Latto at the hearing, and presented a hypothetical as follows:

Q: If she were limited to – if an individual was limited to light work with – let me see – occasionally stoop or crouch, no kneeling or crawling, no vibrating surfaces or objects, no moving mechanical parts, electrical shock or high places, no detailed or complex work, no more than occasional contact with the general public or with coworkers, no fast paced, no quota work, could such an individual do any of the claimant's work as she performed it or customarily performed it?

A: No, because of the skill level, Your Honor.

Q: Would there be any unskilled work with those limitations only?

A: There are some unskilled jobs that exist, Your Honor . . . . (Tr. 327)

On cross-examination, plaintiff's counsel questioned the vocational expert assuming the same limitations as set forth by the ALJ's hypothetical, but also incorporated the moderate mental limitations found by state agency psychologist Dr. Ann L. Hess (Tr. 203-207), and was able to elicit – over the ALJ's objections – a concession by the vocational expert that the plaintiff's moderate mental limitations would eliminate the jobs he had previously identified in response to the ALJ's hypothetical:

> Q: Now if you had a person with the same physiological limitations as in Judge Craig's hypothetical and in addition that found they were at least moderately limited in their ability to maintain attention and concentration through the work day, that they were at least moderately limited in their ability to accept instructions and respond appropriately to criticism from supervisors and at least moderately impaired in their ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, wouldn't that further reduce the numbers of jobs that you've described? (Tr.330-331)
>
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
>
> A: Well, you know, if you're using the term significant to equate the moderate, it would probably eliminate the jobs. (Tr. 333)

Vocational expert testimony has become the basis upon which a claimant's case is decided at the fifth step of the sequential evaluation process. This Court sees effective cross-examination as a claimant's only recourse in the face of such testimony, as was the case here. The case law instructs us that any impairment that has more than a *de minimis* impact upon a claimant's ability to work, regardless of his or her age, education, and past relevant work experience, must be deemed

a severe impairment at Step 2 of the sequential evaluation process and its impact considered at subsequent steps, Farris v. Secretary, 773 F.2d 85 (6th Cir. 1985). The evidence of record supports the claimant's position that there was evidence from state agency physicians Dr. Joyce Adams Spurgeon, Dr. Dan Vandivier and Dr. Ann Hess that Ms. Kirk suffers from moderate limitations in maintaining social functioning, concentration, persistence, and pace. In addition, the ALJ's Decision concedes that the claimant's mental difficulties go in cycles (Tr. 21), which is consistent with the treatment records from Dr. Meyers, Dr. Maddux, and Dr. Klauberg, Dr. Amble's report, and claimant's testimony. There is substantial evidence of record that supports claimant's position that she suffers from an additional, vocationally significant mental limitation not contemplated by the controlling hypothetical, Varley v. Secretary, 820 F.2d 777 (6th Cir. 1987).

The claimant was entitled to have all of her non-exertional mental impairments thoroughly considered throughout each step in the sequential evaluation process. The ALJ failed to do so. Accordingly, the case is remanded for a supplemental hearing for the purpose of addressing all of Ms. Kirk's mental limitations and their effect upon the jobs available as identified by the vocational expert.